UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MICHAEL B.,[1] | ) |
|           Plaintiff, | ) ) ) |
|           v. | )    No. 4:24-cv-00043-KMB-TWP ) |
| LELAND C. DUDEK,[2] | ) ) |
|           Defendant. | ) |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Michael B. applied for disability benefits from the Social Security Administration ("SSA") on April 1, 2022, alleging an onset date of December 29, 2020. [Dkt. 11-2 at 33.] Administrative Law Judge Steven Collins (the "ALJ") issued a decision on May 24, 2023, concluding that Michael was not disabled and therefore not entitled to receive the requested benefits. [*Id.* at 47.] The Appeals Council denied his request for review on January 26, 2024. [Dkt. 14 at 4.] On March 5, 2024, Michael timely filed this civil action asking the Court to review the denial of benefits according to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361. [Dkt. 1.]

## I. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinion.

[2] Leland C. Dudek is the Acting Commissioner of Social Security as of the date of this opinion. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is hereby substituted as the Defendant in this suit.

(2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). "[E]ven under deferential standard of review for social security disability cases, an [ALJ] must provide a logical bridge between the evidence and [the] conclusions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotations omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).  "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled.  If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four.  Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy."  *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe."  *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).  In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling."  *Id*.  The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work.  *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.  *Stephens*, 888 F.3d at 327.  When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy.  *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).  Typically, a remand is also appropriate when the decision is not supported by substantial evidence.  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II. BACKGROUND[3]

Michael was 47 years old when he applied for disability benefits.  [Dkt. 11-2 at 46.]  He previously worked as a general machine operator, quality control technician, heavy

---

[3] The relevant evidence of record is set forth in the Parties' briefs and need not be repeated here.  Specific facts relevant to the disposition of this case are discussed below as necessary.

3

duty press operator, and numerical machine control operator. [*Id.*]

The ALJ followed the five-step evaluation set forth by SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that Michael was not disabled. Specifically, the ALJ found as follows:

- At Step One, Michael has not engaged in substantial gainful activity since December 29, 2020, which is the alleged onset date. [Dkt. 11-2 at 35.]

- At Step Two, Michael has the following severe impairments: diabetes mellitus, diabetic neuropathy, coronary artery disease, chronic obstructive pulmonary disease, obesity, depression, and anxiety. [*Id.*]

- At Step Three, Michael does not have an impairment of combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* at 37.]

- After Step Three but before Step Four, Michael has the RFC

    to perform less than the full range of light work as defined in 20 CFR 404.1567(b). The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday and stand and/or walk 4 hours in an 8-hour workday; occasionally operate foot controls; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; frequently stoop, kneel, crouch, and crawl; avoid concentrated exposure to vibration, pulmonary irritants (fumes, odors, dust, gases, and poor ventilation), extreme heat, extreme cold, and humidity; avoid all exposure to dangerous machinery and unprotected heights. The claimant can understand, remember, and carry out simple, routine, and some detailed but not complex tasks; is capable of simple, routine, some detailed but not complex decision making; for 2- hour segments across an 8-hour workday.

    [*Id.* at 40.]

- At Step Four, Michael is unable to perform any past relevant work. [*Id.* at 46.]

- At Step Five, relying on testimony from the vocational expert ("VE"), and considering Michael's age, education, and RFC, there were jobs that existed in the national economy that Michael could have performed through the date of the decision, including cashier, marker, and router. [*Id.* at 47.]

## III. DISCUSSION

Michael raises one issue for the Court's review. He contends that the RFC is not supported by substantial evidence "because the ALJ rejected all medical opinions and relied on his own lay evaluation of the medical records instead of developing the record." [Dkt. 14 at 9.] Michael argues that in rejecting all five medical opinions in the record, the ALJ erred by "formulating the RFC based on his own lay evaluation of the raw medical data" instead of ordering a new consultive examination to determine Michael's functional capacity. [*Id.* at 12.] Michael does not dispute that the ALJ properly rejected the four medical assessments by the state agency consultants. [*Id.*] However, the ALJ also found Nurse Practitioner (NP) Karen Smedley's opinion not to be persuasive, and Michael argues that by rejecting that medical opinion, the ALJ was left with an evidentiary gap that gave him nothing to rely on to support the RFC. [*Id.* at 13.] Michael argues that by rejecting all of the medical opinions, the ALJ had nothing to rely on to craft an RFC. [*Id.* at 14.]

The Commissioner argues that substantial evidence supported the ALJ's finding that Michael could perform light work. [Dkt. 17 at 2.] According to the Commissioner, the objective medical record supported the RFC, [*id.* at 3-4], and the ALJ reasonably evaluated the prior medical examiner's findings, [*id.* at 4-5]. The Commissioner also argues that the ALJ properly found NP Smedley's opinion to be unpersuasive, since it was "extreme" and "inconsistent" with the medical evidence. [*Id.* at 6.] The Commissioner argues that Michael has not shown that the ALJ failed to support his findings with substantial evidence. [*Id.* at 7.] Furthermore, according to the Commissioner, because Michael has not shown how his impairments prevent him from doing light work, the Court should affirm. [*Id.* at 8.]

In reply, Michael emphasizes that he does not challenge the ALJ's rejection of the

opinions of the medical experts in this case. [Dkt. 18 at 2.] Instead, he argues that rejecting every medical opinion in the record created an evidentiary gap that the ALJ improperly filled with his own lay interpretation of medical data. [*Id.*] Instead of interpreting the medical data on his own, he argues, the ALJ should have relied on a consultative examiner to examine him and fill the evidentiary gap, and the ALJ's failure to do so is a mistake that requires remand. [*Id.* at 4.]

A claimant's RFC "describes the maximum [he] can do in a work setting despite [his] mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014) (citing 20 C.F.R. § 404.1545(a)). An ALJ "must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Stage v. Colvin*, 812 F.3d 1121, 1126 (7th Cir. 2016) (internal citations omitted). ALJs are required to "rely on expert opinions instead of determining the significance of particular medical findings themselves." *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014). In reviewing the medical record and determining the RFC, the ALJ "must not succumb to the temptation to play doctor" or reach conclusions outside his lay expertise. *Deborah M. v. Saul*, 994 F.3d 785, 790 (7th Cir. 2021) (internal citations omitted). *See also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (warning that an ALJ's "lay intuitions about medical phenomena are often wrong").

District courts in the Seventh Circuit have consistently held that rejecting every expert medical opinion in the record creates an evidentiary gap. When this happens, the ALJ must contact an additional medical expert to fill that gap, rather than rely on his own lay interpretation of raw medical evidence to craft an RFC. *See, e.g.*, *Jennifer B. v. Saul*, 2020 WL 2520996 at *8 (N.D. Ind. May 18, 2020) (the ALJ "was simply not permitted to fill the evidentiary gap with his own lay opinion"); *Kara v. Kijakazi*, 2022 WL 4245022 (E.D. Wis. Sept. 15, 2022) (remanding where

the ALJ impermissibly created an RFC after rejecting every medical opinion); *Shirley A. J. v. O'Malley*, 2024 WL 1341077 (N.D. Ind. Mar. 29, 2024) (same).  These holdings derive from well-established guidance from the Seventh Circuit Court of Appeals that ALJs must resist the temptation to "play doctor" or offer lay interpretations of medical evidence beyond their expertise. *See, e.g.*, *Deborah M. v. Saul*, 994 F.3d 785, 790 (7th Cir. 2021) (warning ALJ not to "succumb to the temptation to play doctor"); *Suide v. Astrue,* 371 Fed. Appx. 684, 690 (7th Cir. 2010) (ALJ cannot "play doctor" by using their own lay opinions to fill evidentiary gaps in the record).

      The Court agrees with Michael that the ALJ improperly filled an evidentiary gap in this case with his own lay interpretation of the medical data, and this error requires remand.  Much of the Commissioner's opposition to Michael's argument is centered on the ALJ's "reasonabl[e] evaluat[ion]" of the medical opinions or the fact that the ALJ's findings were "supported by substantial evidence."  [Dkt. 17 at 4; 6.]  But the Commissioner misconstrues Michael's argument and the ALJ's role when it comes to medical opinions.  The issue here is not whether the ALJ properly discounted NP Smedley's opinion; rather, the issue is whether the ALJ erred when he used his own interpretation of the record to craft Michael's RFC after he rejected all of the available medical opinions.  "Even assuming that [the medical opinion] did not deserve greater weight, it is the evidentiary deficit left by the ALJ's rejection of [the] reports—not the decision itself—that is troubling."  *Suide v. Astrue*, 2010 WL 1508510, at *6 (7th Cir. 2010).

      Michael's case mirrors the precedent cited above.  When the ALJ rejected NP Smedley's opinion, the ALJ was left without any medical opinions to rely on to interpret the medical data in the case and craft an RFC.  This is not to say that the ALJ was required to adopt a specific medical opinion to develop the RFC, but in failing to adopt *any* medical opinion at all he "created an evidentiary deficit and proceeded to fashion an RFC supported only by [his] lay interpretation of

7

medical findings," the hearing testimony, and the record. *Shirley A. J.*, 2024 WL 1341077, at *7. After outlining Michael's RFC, the ALJ stated "[i]n making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [Dkt. 11-2 at 40.] The ALJ's consideration of the objective medical evidence without any expert opinion on which to rely was "tantamount to playing doctor and resulted in a compromised RFC based on [his] lay opinion." *Shirley A. J.*, 2024 WL 1341077, at *7. As such, this case must be reversed and remanded.[4]

## IV. CONCLUSION

For the reasons stated above, the Court **REVERSES** the Commissioner's decision denying **PLAINTIFF** benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence 4). Final judgment shall issue accordingly.

**SO ORDERED**.

Date: 3/20/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution

All ECF-registered counsel of record via email

---

[4] Because the Court finds this issue to be decisive, the Court will not further address the Parties' other arguments.